# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA M. CAMPOS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | NO. CV 10-8603 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Yolanda M. Campos filed this action on January 13, 2011. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on January 19 and 28, 2011. (Dkt. Nos. 7, 8.) On November 18, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On or about May 1, 2008, Campos filed applications for disability insurance benefits and supplemental security income benefits alleging an onset date of February 14, 2004.[1] AR 17. The applications were denied initially and upon reconsideration. AR 17, 41, 43. Campos requested a hearing before an Administrative Law Judge ("ALJ"). AR 57. On February 8, 2010, the ALJ conducted a hearing at which Campos and a vocational expert testified. AR 23-40. On February 19, 2010, the ALJ issued a decision denying benefits. AR 17-22. On July 29, 2010, the Appeals Council denied the request for review. AR 4-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

---

[1] The record contains various filing dates on or about May 1, 2008. *See* Administrative Record ("AR") 17, 41, 43, 101, 107. Campos filed prior applications for disability insurance benefits and supplemental security income benefits on November 15, 2006, which were denied at the initial level and without appeal. AR 19.

2

evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Campos has the severe impairment of seizures. AR 19. Campos has the residual functional capacity ("RFC") to perform light work with no balancing, no working at unprotected heights, and no working around dangerous moving machinery. AR 21. She has "mild restriction of activities of daily living, mild difficulties in maintaining social functioning and mild difficulties in concentration, persistence or pace." *Id.* She "can perform simple, repetitive tasks with limited contact with the general public." *Id.* She is unable to perform her past relevant work, but there are jobs that exist in significant numbers in the national economy that she can perform. AR 21-22.

### C. Reliance on the Grids

Campos argues that the ALJ improperly applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grids"), to find her not disabled. JS 5-7.

When a claimant has exertional and non-exertional limitations, "the ALJ must consult the grids first." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006). "The ALJ can use the grids without vocational expert testimony when

a non-exertional limitation is alleged because the grids 'provide for the evaluation of claimants asserting both exertional and non-exertional limitations.'" *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citation omitted). Vocational expert testimony is required only when a non-exertional limitation is "sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations." *Id.* (citation and quotation marks omitted). When non-exertional limitations do not limit significantly the range of work permitted by the claimant's exertional limitations, use of the Grids is appropriate. *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 577 (9th Cir. 1988).

The ALJ found that Campos has the RFC to perform light work except that her non-exertional limitations limit her to work involving simple, repetitive tasks with limited contact with the general public, and no balancing, no working at unprotected heights, and no working around dangerous moving machinery. AR 21. Applying the Grids, the ALJ further found there are jobs that exist in significant numbers in the national economy that Campos can perform.[2] AR 22. He found Campos not disabled under the Grids.

Campos does not directly address the applicable legal standards. She appears to be arguing that application of the Grids was improper because: (1) the ALJ failed to define "limited public contact;" (2) not all unskilled work precludes the public; and (3) not all unskilled work is simple and repetitive. JS 12.

As an initial matter, the ALJ did not preclude Campos from all contact with the public; thus, Campos' argument that not all unskilled work precludes the public is moot. Campos' remaining arguments fail.

---

[2] Although a vocational expert testified that a person with Campos' RFC could perform other jobs, the ALJ did not rely on that portion of her testimony. AR 22, 36-38.

4

Limited public contact is consistent with unskilled light work. Light work represents "substantial work capability compatible with making a work adjustment to substantial numbers of unskilled jobs and, thus, generally provides sufficient occupational mobility even for severely impaired individuals who are not of advanced age and have sufficient educational competencies for unskilled work." 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(b). Unskilled work requires little or no judgment to do simple duties that can be learned on the job or in a short period of time and does not focus on working with people. 20 C.F.R. §§ 404.1568(a), 416.968(a). Even though the ALJ did not define "limited contact with the general public," the phrase is reasonably compatible with a job that does not focus on working with people.

Campos' argument that not all unskilled work is simple and repetitive also fails. The ALJ need not demonstrate that Campos can do *all* unskilled jobs. Rather, the ALJ need only provide evidence that other work exists in significant numbers in the national economy that a claimant can do. *Lounsburry*, 468 F.3d at 1114; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(a) ("Approximately 1,600 separate sedentary and light unskilled occupations can be identified in eight broad occupational categories, each occupation representing numerous jobs in the national economy.").

Further, to the extent that Campos contends that the restrictions regarding balancing, unprotected heights, and dangerous machinery significantly limit her range of work, the contention is unfounded. *See* Social Security Ruling[3] ("SSR") 85-15 ("A person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of

---

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

someone whose environmental restriction does not have a significant effect on work that exist[s] at all exertional levels."); *see also* SSR 96-9p (postural limitations related to balancing do not erode the occupational base for a full range of unskilled sedentary work).

Thus, because Campos' non-exertional limitations do not significantly limit the range of work permitted by her exertional limitation to light work, the ALJ properly applied the Grids. *See Desrosiers*, 846 F.2d at 577. The ALJ did not err.

### D. Examining Psychologist

Campos argues the ALJ erred in failing to include in his RFC the examining psychologist's limitation that Campos "is currently able to understand, remember and carry out simple and repetitive instructions but in doing so she is slow. She would have difficulty with pace in fast-paced types of positions." AR 259. In the mental status examination, the psychologist, Dr. Riahinejad, found that Campos showed "evidence of psychomotor slowing."[4] AR 257.

The ALJ acknowledged Dr. Riahinejad's finding that Campos "would have difficulty with pace in fast-paced types of positions." AR 21. The ALJ then stated that the state agency physicians concluded that the claimant could perform simple, repetitive tasks. *Id.* The ALJ found that "the conclusions of the consultative examiner along with the conclusions of the medical consultants" were "consistent with the objective findings and the evidence of record." *Id.*

Dr. Balson, a State Agency review psychiatrist, rated Campos' degree of limitation in maintaining concentration, persistence, or pace as "moderate." AR 340. Dr. Balson found Campos was moderately limited in her ability to maintain

---

[4] Campos points out that her intelligence scores were "within the upper end of the mildly mentally retarded range of intellectual ability." AR 258. However, Dr. Riahinejad concluded that "[t]his appears to be an underestimate. She complained of having a headache and vision problems which might have negatively affected her overall scores." *Id.*

6

attention and concentration for extended periods. AR 344. Dr. Balson agreed with Dr. Riahinejad that Campos could perform simple, repetitive tasks and expressly noted Dr. Riahinejad's assessment that in doing so Campos is slow.[5] AR 348-49.[6] Dr. Balson found Campos was "not significantly limited" in her ability to "perform activities within a schedule," "sustain an ordinary routine without special supervision," and "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." AR 344-45.

Citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), the Commissioner argues that a limitation to simple work adequately captures a finding that a claimant has moderate limitations in concentration, persistence or pace. In *Stubbs*, the ALJ had translated the claimant's pace and mental limitations "into the only concrete restrictions available to him – Dr. Eather's recommended restriction to 'simple tasks.'" *Id.* at 1174. The court found that this did not constitute a rejection of a physician's opinion that Stubbs had a slow pace and was moderately limited in her ability to perform at a consistence pace without an unreasonable number and length of rest periods. *Id.* at 1173-74. The court held that the ALJ's RFC properly incorporated the limitations, including those related to pace. *Id.* at 1174-75.

---

[5] Campos argues that Dr. Balson inaccurately summarized Dr. Riahinejad's opinion and that the ALJ adopted the inaccurate summary, which resulted in error. JS 14-15. Campos does not identify or explain the inaccuracy. Without more, such vague and conclusory assertions are insufficient to overturn the ALJ's findings. *See Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (noting that a bare assertion does not preserve a claim); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding argument too underdeveloped to be capable of assessment).

[6] Although Campos reported to Dr. Riahinejad in August 2008 that she was seeing a psychiatrist and was taking Prozac, the medical record appears to show that Campos received mental health treatment only by her primary care doctor until she went to the DMH in November 2009. AR 256, 269-83, 557-61. She denied previous mental health services and reported to the DMH that her medications were effective. AR 557-58.

7

Here, in contrast to *Stubbs*, Campos was found to be "not significantly limited" in her ability to perform activities within a schedule and perform at a consistent pace without an unreasonable number and length of rest periods. AR 344-45. The ALJ did not err. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (ALJ's findings must be upheld "if supported by inferences reasonably drawn from the record"); *Macri v. Chater*, 93 F.3d 540, 543-44 (9th Cir. 1996) (ALJ is entitled to draw inferences logically flowing from the evidence).

### F. State Agency Physician

In her reply, Campos argues the ALJ erred by failing to articulate specific and legitimate reasons for rejecting Dr. Balson's opinion that she had "significant difficulties in responding appropriately to changes in the work setting." JS 20.

Dr. Balson found Campos was "moderately limited" in her ability to respond appropriately to changes in the work setting. AR 345. Dr. Balson concluded Campos could perform simple, repetitive work. AR 340-46, 348-49. The ALJ credited Dr. Balson's opinion, finding it "consistent with the objective findings and the evidence of record." AR 21. The ALJ reasonably interpreted Dr. Balson's opinion. *See Batson*, 359 F.3d at 1193. The ALJ did not err.

### IV.
### ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 14, 2012                                  _alicia G. Rosenberg_
                                                          ALICIA G. ROSENBERG
                                                          United States Magistrate Judge

8